**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

LATCHMIE TOOLASPRASHAD,          :
                                 :     Civil Action No. 04-3219 (JBS)
          Plaintiff,             :
                                 :
     v.                          :     **OPINION**
                                 :
BUREAU OF PRISONS, et al.,       :
                                 :
          Defendants.            :

**APPEARANCES:**

Latchmie Toolasprashad, Plaintiff pro se
F.C.I. Fort Dix
#R10975-056
P.O. Box 7000
Fort Dix, NJ 08640

**SIMANDLE**, District Judge

By Opinion and Order entered April 6, 2005, this Court dismissed this action with prejudice for failure to state a claim. Familiarity with this Court's prior Opinion and Order is presumed. This matter comes before the Court upon the submission of Plaintiff's Motion [12] Pursuant to F.R.Civ.P. 60(b) to Reopen Case for Further Proceedings.

According to the allegations of the Complaint, Plaintiff is currently incarcerated at the Federal Correctional Institution at Fort Dix, New Jersey, pursuant to conviction for a crime committed in December 1985.

On November 2, 1998, Plaintiff appeared for a parole hearing.  In its Notice of Action dated December 10, 1998, the U.S. Parole Commission (the "Commission") requested that the Bureau of Prisons ("BOP") provide a current psychological report to the Commission by May 1, 1999.  Plaintiff was scheduled for an interim hearing during November 2000.

A psychologist at the Federal Correctional Institution at Fort Dix, New Jersey, defendant Dr. Drew Kerr, repeatedly assured Plaintiff that he was preparing the BOP psychological report, but he did not prepare the report.  Plaintiff repeatedly complained to the warden and to Kerr's superior, chief psychologist Dr. Marcia Baruch.  After Plaintiff utilized the BOP administrative remedy procedure, he was transferred on June 6, 2000, without advance notice, to the Federal Correctional Institution at Petersburg, Virginia.

At FCI Petersburg, Plaintiff was allegedly told that he had been sent there for preparation of the BOP psychological report. A Dr. Ax allegedly told Plaintiff that the psychology department at FCI Fort Dix could have prepared the report, which would have been more beneficial for Plaintiff because the staff there knew his conduct, programming, overall demeanor, etc.  Psychology intern Defendant Dr. Jaime Berry prepared the BOP psychological report, under the supervision of psychologist Defendant Dr. Kindra Pugh.  Plaintiff contends that the assessment was

conducted improperly and that the resulting BOP psychological report does not accurately report Plaintiff's behavior or psychological condition.  For example, Dr. Pugh allegedly told Plaintiff that she did not want to see him in the law library preparing any complaints against prison staff and, on two occasions, went to the law library and took Plaintiff out of the law library when he was working on post-conviction motions, which he then abandoned out of fear of Dr. Pugh.[1]  In addition, Plaintiff contends that the diagnosis of mental illness (Narcissistic Personality Disorder) and other conclusions and recommendations contained in the report are not supported by the assessment and are incorrect.  Finally, Plaintiff contends that the assessment was influenced by the conditions in which he was held during the assessment period, in a cell with a total of six prisoners, in temperatures reaching 110 degrees Fahrenheit, in a unit without chairs to sit on, allegedly infested with roaches that crawled on Plaintiff's face during the night, and in conditions that generally left him extremely tired and sleep-deprived.[2]

---

[1] As Plaintiff does not seek any relief with respect to these events, the Court previously construed these allegations as mere background information and not as a claim that Dr. Pugh deprived Plaintiff of his right of access to the courts. Plaintiff does not challenge that construction of the Complaint.

[2] Again, as Plaintiff does not seek relief with respect to these events, the Court previously construed these allegations as background information and not as an attempt to state a claim for

After receiving the BOP psychological report, Plaintiff's counsel arranged for a second report by a private psychologist, Dr. Daniel Schwartz.  Because prison staff delayed approving Dr. Schwartz's visit with Plaintiff, the November 2000 interim hearing was delayed until August 2001.  Dr. Schwartz submitted his report, appeared at that hearing, and testified in favor of granting Plaintiff parole.  Dr. Schwartz also disputed Dr. Berry's diagnosis of Narcissistic Personality Disorder.  Plaintiff was again denied parole and that denial was upheld on appeal to the National Appeals Board of the Commission.

Plaintiff contends that the BOP psychological report prepared by Dr. Berry and Dr. Pugh is flawed and contains inaccurate information.  He contends that, while it could be construed as generally favorable, it is internally inconsistent and the Commission seized on certain of those inconsistencies to deny him parole.  Plaintiff contends that the Commission did not consider Dr. Schwartz's report.

Following this second denial of parole, Plaintiff filed an Administrative Remedy with the BOP requesting that the BOP psychological report be amended to correct its various flaws.  His requests were denied at all levels of review within the BOP.

---

unconstitutional conditions of confinement.  Plaintiff does not challenge that construction of the Complaint.

The named defendants are the Bureau of Prisons, the U.S. Parole Commission, and psychologists Drs. Drew Kerr, Marcia Baruch, Jaime Berry, and Kindra Pugh.

Plaintiff requests injunctive relief, in the form of (1) correction of the psychological report prepared by Dr. Berry and Dr. Pugh, (2) a new parole hearing giving "equal weight" to the testimony and report of Dr. Schwartz, (3) preparation of a new psychological report at FCI Ft. Dix, where the staff are familiar with Plaintiff.  Plaintiff does not seek release.

This Court originally construed the Complaint as asserting claims that Plaintiff was denied due process in the preparation of the BOP psychological report and in his parole hearing and claims under the Privacy Act, 5 U.S.C. § 552a(g)(1)(A), for correction of records of the BOP and the Commission.  This Court found that Plaintiff failed to state a claim under any of these theories and dismissed the Complaint with prejudice.  Plaintiff neither filed a timely motion for reconsideration under Local Rule 7.1(i) or a timely motion to alter or amend the judgment under Fed.R.Civ.P. 59(e),[3] nor appealed the dismissal.  Instead, more than eight months after entry of judgment, and without explanation for the delay, Plaintiff submitted this "Motion

---

[3] To the extent this Motion could be construed as a motion for reconsideration under either Local Rule 7.1(i) or Federal Rule 59(e), it is untimely.

5

Pursuant to F.R.Civ.P. 60(b) to Reopen Case for Further Proceedings."

In this Motion, Plaintiff asserts that this Court's legal conclusions are erroneous.  In addition, Plaintiff asserts that this Court incorrectly construed the Complaint as not seeking monetary damages under the Privacy Act, 5 U.S.C. §§ 552a(g)(1)(C) and (g)(4).

## ANALYSIS

Federal Rule of Civil Procedure 60(b) provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

"The general purpose of Rule 60(b) ... is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." Boughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir.

1978) (quoted in Coltec Industries, Inc. v. Hobgood, 280 F.3d 262, 271 (3d Cir.), cert. denied, 537 U.S. 947 (2002)).

> A motion filed pursuant to Rule 60(b) is "addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." Ross v. Meagan, 638 F.2d 646, 648 (3d Cir. 1981). Rule 60(b), however, "does not confer upon the district courts a 'standardless residual of discretionary power to set aside judgments.'" Moolenaar v. Government of the Virgin Islands, 822 F.2d 1342, 1346 (3d Cir. 1987). Rather, relief under rule 60(b) is available only under such circumstances that the "'overriding interest in the finality and repose of judgments may properly be overcome.'" Harris v. Martin, 834 F.2d 361, 364 (3d Cir. 1987) (quoting Martinez-McBean v. Government of the Virgin Islands, 562 F.2d 908, 913 (3d Cir. 1977)). "The remedy provided by Rule 60(b) is 'extraordinary, and [only] special circumstances may justify granting relief under it.'" Moolenaar, 822 F.2d at 1346 (citations omitted).

Tischio v. Bontex, Inc., 16 F.Supp.2d 511, 533 (D.N.J. 1998) (citations omitted).

Relief is available only in cases evidencing extraordinary circumstances. Ackermann v. United States, 340 U.S. 193 (1950); Stradley v. Cortez, 518 F.2d 488, 493 (3d Cir. 1975). A motion under Rule 60(b)(6) "must be fully substantiated by adequate proof and its exceptional character must be clearly established." FDIC v. Alker, 234 F.2d 113, 116-17 (3d Cir. 1956).

To the extent Plaintiff seeks to relitigate this Court's prior conclusion that the Complaint failed to state a claim, Rule 60(b) is not an appropriate vehicle. "[C]ourts must be guided by 'the well established principle that a motion under Rule 60(b)

may not be used as a substitute for appeal.'  It follows therefore that it is improper to grant relief under Rule 60(b)(6) if the aggrieved party could have reasonably sought the same relief by means of appeal." <u>Martinez-McBean v. Government of Virgin Islands</u>, 562 F.2d 908, 911 (3d Cir. 1977) (citations omitted).

Plaintiff's challenges to this Court's prior construction of the Complaint and legal conclusions could have been raised on appeal.  Plaintiff seeks to use this Rule 60(b) motion as a substitute for appeal, which is not allowed.  In addition, Plaintiff has failed to establish any extraordinary circumstances justifying relief from judgment.  Thus, Plaintiff is not entitled to relief under Rule 60(b).  Finally, the Complaint fails to state a claim for either injunctive relief or monetary damages under the Privacy Act.

> The Privacy Act provides four causes of action: First, for an agency's [denial of amendment or] failure to review the denial of an amendment or to attach a statement of disagreement, <u>see</u> 5 U.S.C. § 552a(g)(1)(A); second, for an agency's denial of access to records, <u>see</u> 5 U.S.C. § 552a(g)(1)(B); third, for an agency's failure to maintain its records with accuracy, relevance, timeliness, and completeness to assure fairness in determinations, <u>see</u> 5 U.S.C. § 552a(g)(1)(C); and fourth, for an agency's failure to comply with any other Privacy Act provision which causes an "adverse effect on an individual," <u>see</u> 5 U.S.C. § 552a(g)(1)(D).  For the first two causes of action the court may award injunctive relief, and, if the plaintiff has "substantially prevailed," it may also award attorney's fees and costs.  <u>See</u> 5 U.S.C. §§ 552a(g)(2), (g)(3).  For the third and fourth causes of action, if the court determines the agency acted

>      intentionally and wilfully, it may award damages,
>      attorney's fees, and costs. See 5 U.S.C. § 552a(g)(4).

Gowan v. U.S. Dept. of Air Force, 148 F.3d 1182, 1187-88 (10th Cir.), cert. denied, 525 U.S. 1042 (1998).

This Court has held previously that the Bureau of Prisons and Parole Commission have exempted themselves from the amendment provision of the Privacy Act, 5 U.S.C. § 552a(d), (e), (g). Even if they had not exempted themselves from the amendment provisions, psychological assessments such as the one challenged here are not subject to amendment. See, e.g., Reinbold v. Evers, 187 F.3d 348, 360-61 (4th Cir. 1999) (holding that where doctor deemed plaintiff paranoid and delusional, agency did not err in recording that conclusion; although opinions are subject to debate, they are not subject to alteration under the Privacy Act as long as the opinions are recorded accurately); Phillips v. Widnall, 1997 WL 176394 (10th Cir. Apr. 14, 1997) (holding that plaintiff was not entitled to court amendment of record where physician had noted in plaintiff's medical file that plaintiff was probably dependent on prescription medication and that judgment reflected physician's medical conclusion); White v. Office of Personnel Management, 787 F.2d 660, 663 (D.C. Cir.), cert. denied, 479 U.S. 885 (1986) (OPM did not violate Privacy Act by retaining disputed performance evaluations; "[w]here a subjective evaluation is based on a multitude of factors, ... and there are various ways of characterizing some of the underlying

events, ... it is proper to retain and rely on it"); Adams v. Compton, 2005 WL 2006975, *13, report and recommendation adopted, 2005 WL 2206101 (W.D. Va. 2005) (dismissing claim challenging Sexual Predator Risk Assessment); Rogers v. U.S. Dept. of Labor, 607 F.Supp. 697 (N.D. Cal. 1985) (the provisions for amending records are not intended to permit the alteration of evidence presented in the course of judicial, quasi-judicial, or quasi-legislative proceedings).

Nor has Plaintiff stated a claim for damages. To prevail on a claim for money damages pursuant to subsections (g)(1)(C) and (g)(4), a plaintiff must prove the following:

> (1) he has been aggrieved by an adverse determination;
> (2) the [agency] failed to maintain his records with the degree of accuracy necessary to assure fairness in the determination; (3) the [agency's] reliance on the inaccurate records was the proximate cause of the adverse determination; and (4) the [agency] acted intentionally or willfully in failing to maintain accurate records.

Deters v. U.S. Parole Comm'n, 85 F.3d 655, 657 (D.C. Cir. 1996) (citing Dickson v. Office of Personnel Management, 828 F.2d 32, 37 (D.C. Cir. 1987) and Rose v. United States, 905 F.2d 1257, 1259 (9th Cir. 1990)).

With respect to the second element, where the "truth" is "clearly provable" or "relatively easily ascertainable," " it is feasible, necessary, and proper, for the agency and, in turn, the district court to determine whether each filed item of information is accurate;" in the "atypical" case, where the

challenged information is not capable of being verified, neither the agency nor the court on de novo review is required to "find and record 'truth.'" Instead, "it suffices to 'adjust [the] file equitably to reveal actual uncertainty.'" Deters, 85 F.3d at 658 (quoting Doe v. United States, 821 F.2d 694, 699-701 (D.C. Cir. 1987) and Sellers v. Bureau of Prisons, 959 F.2d 307, 311 (D.C. Cir. 1992)).

> In order to establish that the [agency] willfully or intentionally failed to maintain [its] file with sufficient accuracy to assure fairness in its parole determination, [a plaintiff] must prove that the agency "acted with something greater than gross negligence." An agency acts in an intentional or willful manner "either by committing the act without grounds for believing it to be lawful, or by flagrantly disregarding others' rights under the Act." "[T]he violation must be so patently egregious and unlawful that anyone undertaking the conduct should have known it was unlawful."

Deters, 85 F.3d at 660 (citations omitted).

Here, the accuracy of the BOP psychologists' observations and opinions of Plaintiff are not clearly provable.  Dr. Schwartz's report was made a part of Plaintiff's record and was provided to the Parole Commission.  (Complaint, Exs. 8, 25.)  In addition, Dr. Schwartz made a presentation to the Parole Board. Thus, according to the allegations of the Complaint, the agencies maintained their files with sufficient accuracy to assure fairness in parole determinations.  That the Parole Commission did not credit Dr. Schwartz's opinion to the same degree as the opinion prepared by the BOP psychologist and intern does not

indicate a lack of accuracy in the records, within the meaning of the Privacy Act.  Plaintiff has failed to state a claim for damages.

## II.  CONCLUSION

For the reasons set forth above, the Motion must be denied. Plaintiff has failed to establish any grounds for relief from the judgment.  An appropriate Order follows.

                                    **s/ Jerome B. Simandle**
                                    Jerome B. Simandle
                                    United States District Judge

Dated:  **September 13, 2006**